■ STAN PAPPAS et al., Respondents, v AT&T INC. et al., Appellants, et al., Defendant. [61 NYS3d 500]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 10, 2017, which, to the extent appealed from, denied defendants AT&T Inc. and AT&T Corp.'s motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them, unanimously affirmed, with costs.

Plaintiff Stan Pappas, an experienced electrician, was injured at defendants' premises when he attempted to perform work on electrical equipment that had not been de-energized. Defendants contend that plaintiff, who was responsible for checking for voltage on any equipment or component before working on it, failed to properly perform a voltage test with a tic tracer and that that failure was the sole proximate cause of the accident.

In opposition, plaintiff raised an issue of fact whether the

electrical prints or drawings supplied by defendants failed to show the locations of potential transformers that may have been the source of the voltage that injured him. Contrary to defendants' argument that the accident would not have happened but for plaintiff's failure to perform the voltage test properly, plaintiff's expert said that a tic tracer test performed without knowledge of where a potential transformer was connected was inconclusive. Defendants' failure to show that potential transformers not shown on the drawings were not the source of the voltage renders the doctrine of res ipsa loquitur, on which they rely, inapplicable (*see generally James v Wormuth*, 21 NY3d 540, 546 [2013]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.